**Ghulam MUSTAFA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74523.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided May 18, 2004.

Hardeep Singh Rai, Earle A. Sylva, Esq., George T. Heridis, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., Joshua E. Braunstein, Jennifer A. Parker, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

---

## MEMORANDUM *

Ghulam Mustafa, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Reviewing the IJ's decision, *see Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003), we deny the petition for review.

The IJ made an adverse credibility finding against Mustafa. "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [a petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

The IJ found, with regard to Mustafa's demeanor, that "he became extremely uncomfortable and defensive when asked to provide documents of his parents' place of birth." Credibility determinations based on demeanor receive "special deference." *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999). This was an appropriate demeanor finding because it speaks to Mustafa's visible nervousness, a component of his non-verbal communication. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003). The finding also "go[es] to the heart of the asylum claim," *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003), because documentation about his parents' place of birth could decisively establish or disprove Mustafa's status as a Mohajir.

In a similar vein, the IJ noted, and the hearing transcript confirms, that Mustafa's explanations for his inability to produce

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

such documentation were "vague, implausible, and in some cases incoherent." Mustafa did not claim that such documentation did not exist or would be difficult to obtain. Rather, he claimed that the documents did exist and that they were located at his parents' home. He simply provided *no* explanation as to why his parents failed to send the documents. Such specific instances of unresponsive and implausible testimony support an adverse credibility finding. *See Singh v. Ashcroft,* 301 F.3d 1109, 1113–14 (9th Cir.2002) (unresponsiveness); *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (implausibility).

Notably, we do not fault Mustafa for his failure to provide documentation in and of itself, as he was not necessarily required to do so. *See, e.g., Garrovillas v. INS,* 156 F.3d 1010, 1016–17 (9th Cir.1998). Nonetheless, the existence, location, and availability of supporting documentation can "go to the heart of the asylum claim," *Malhi,* 336 F.3d at 992–93, as they do in this case, *see supra.* So Mustafa's visibly uncomfortable, unresponsive, and implausible testimony on these matters supports the IJ's adverse credibility finding.

Lastly, the record confirms the IJ's observation that Mustafa's "testimony throughout was in fact vague and general." This is an appropriate consideration in a credibility determination. *See Singh–Kaur,* 183 F.3d at 1153.

For the above reasons, the IJ's credibility determination was supported by substantial evidence. We uphold the determination.

By failing to qualify for asylum, Mustafa necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245,

1255 (9th Cir.2003). In addition, Mustafa is not entitled to CAT relief because he did not demonstrate that it is more likely than not that he would be tortured if returned to Pakistan. *See* 8 C.F.R. § 1208.16(c)(2); *Malhi,* 336 F.3d at 993.

**PETITION FOR REVIEW DENIED.**